UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
DHARMVIR GEHLAUT,

       Plaintiff,

       - against –

NEWS INDIA (U.S.A.), INC., NEWS
INDIA MEDIA LTD., PRAKASH
PAREKH, GOPAL RAJU, and VEENA
MERCHANT,

       Defendants.
-------------------------------------------------x

ECF Case

AMENDED COMPLAINT

Index No. 05 CV 9306 (WHP)


Plaintiff Dharmvir Gehlaut ("Mr. Gehlaut" or "Plaintiff") through his attorneys,

Davis Polk & Wardwell and the Asian American Legal Defense and Education Fund, hereby

alleges the following:

## STATEMENT OF CLAIM

    1.      This is a complaint against Defendants News India (U.S.A.), Inc., News

India Media Ltd., and three of their managers, Prakash Parekh, Gopal Raju and Veena Merchant,

(collectively, "Defendants") for breach of an employment contract, for failure to comply with

federal and state labor laws, for unlawful discrimination and for infliction of emotional distress.

Plaintiff Gehlaut was employed by Defendants to work at News India-Times, a weekly

newspaper owned and published first by Defendant News India Media Ltd., and subsequently by

News India (U.S.A.), Inc. Plaintiff Gehlaut was employed first as a business reporter and later in

an advertisement sales position.  Defendant Prakash Parekh was the person who first employed

Plaintiff. Defendant Veena Merchant is the Director and Editor-in-Chief of News India-Times. Defendant Gopal Raju exercises managerial control of News India-Times.

2.     Defendants hired Plaintiff, a native of India, by sponsoring his H-1B worker visa but failed to pay Plaintiff the wage promised to him and indicated in the visa application, or the prevailing wage for a news reporter.  Moreover, Defendants failed to pay Plaintiff overtime compensation.

3.     Plaintiff Gehlaut was also discriminated against by Defendants Merchant, Raju and News India (USA), Inc. during his employment on the basis of his caste background.

4.     Plaintiff Gehlaut seeks back wages and overtime pay, statutory damages under federal and state labor law, and additional damages for the discrimination that he suffered.

## PARTIES

5.     Plaintiff Dharmvir Gehlaut was employed by Defendants, first as a business reporter, and was later demoted to an advertisement sales position.

6.     Defendant News India Media, Ltd. (the "First Company") is a corporation existing under the laws of the State of New York, with registered location with the New York State Department of Corporations at 244 5th Avenue, Fourth Floor, New York, NY 10001.  On information and belief, the Company has gross sales of over $500,000 a year and produces goods sold in interstate commerce.

7.     Defendant News India (U.S.A.), Inc. (the "Second Company") is a corporation existing under the laws of the State of New York, located at  43 West 24th Street, 8th Floor Suite 8B, New York, New York 10010.  The Company owns, operates, and publishes the News India-Times (the "Newspaper"), a weekly newspaper.  On information and belief, the

Company has gross sales of over $500,000 a year and produces goods sold in interstate commerce.

8. Defendant Prakash Parekh was an employee of the First Company and was Executive Editor of the Newspaper. As Executive Editor of the Newspaper, he had the power to hire and fire employees, set wages and schedules, and retain their records. He continued to be employed by the Second Company, but in what capacity is unknown to Plaintiff.

9. Upon information and belief, Defendants News India (U.S.A.), Inc., News India Media, Ltd., and News-India Corp. are part of the same family of corporations or related to one another financially and through ownership and leadership structure.

10. Defendant Veena Merchant is an employee of News India (U.S.A.), Inc. and the Director and Editor-in-Chief of the Newspaper. She has the power to hire and fire employees, set wages and schedules, and retain their records.

11. Defendant Gopal Raju is an employee and Chairman of News India (U.S.A.), Inc. He has the power to hire and fire employees, set wages and schedules, and retain their records.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to the Federal Labor Standards Act, 29 U.S.C. § 216 and 28 U.S.C. § 1331. Plaintiff has consented to file this lawsuit under the Fair Labor Standards Act, a copy of which is attached.

13. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims in this action because they are so related to federal

claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States.

14.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b), where Defendant News India (U.S.A.), Inc. does business.

## STATEMENT OF FACTS

### Defendants' Failure to Fairly Compensate Mr. Gehlaut

15.     Sometime during the summer of 2000, Plaintiff Mr. Gehlaut responded to a job advertisement by News India-Times stating that the Newspaper sought to hire a reporter.

16.     News India-Times interviewed Mr. Gehlaut for the first time in July 2000.

17.     In August 2000, approximately one month after this interview, Mr. Gehlaut received an e-mail message from News India-Times requesting that he contact them immediately. When Mr. Gehlaut responded by telephone, he was asked to appear for a second interview on August 22, 2000.

18.     On August 22, 2000, Mr. Gehlaut was interviewed by Defendant Prakash Parekh, then the Executive Editor of News India-Times. He was hired on the spot.

19.     Defendant Parekh told Mr. Gehlaut that he would be paid a wage of $500 per week to work as a business reporter for News India-Times.

20.     On August 29, 2000, Mr. Gehlaut began working at the Newspaper as a business reporter.

21.     As a business reporter, Mr. Gehlaut's job duties involved basic beat reporting on current business events affecting India or people of Indian national origin.

Mr. Gehlaut's reporting duties included beat reporting for community events, which often required him to attend events at nights, on weekends, and often at substantial distances from the Company's offices and Mr. Gehlaut's home.

22. Mr. Gehlaut was also asked to contribute pieces for the editorial page of the Newspaper. He was promised additional compensation on a per word basis for these duties. Mr. Gehlaut was never paid any additional amount for his editorial writing despite requesting it on several occasions.

23. Defendants additionally required Mr. Gehlaut to perform functions outside the scope of his duties as a business reporter, such as laying out pages, proofreading articles, working as a librarian, cleaning floors, and getting tea or lunch for Defendants Parekh and Merchant.

24. Throughout his employment with the First and Second Companies, Defendants required Mr. Gehlaut to work approximately between fifty (50) and seventy (70) hours per week, frequently more than ten hours per day, and frequently on weekends and late at night into the early morning.

25. Mr. Gehlaut was supervised by Defendant Parekh until August 2001. Beginning in September 2001, and through to the termination of his employment with the Second Company, Mr. Gehlaut was supervised by Defendant Merchant. Beginning in January or February of 2002, and through to the termination of his employment with the Second Company, Mr. Gehlaut was also supervised by Defendant Raju.

26. On November 1, 2000, Defendant Parekh, on behalf of the First Company, executed and filed an H-1B employment visa application (the "H-1B Application") in order to

employ Plaintiff Gehlaut, who is an Indian citizen. In July 2001, the United States Department of Labor approved the H-1B Application. The H-1B Application states:

        a.    Mr. Gehlaut was to work as a business reporter with the Company.

        b.    Mr. Gehlaut's wages were to be $24,000 annually.

27.    Beginning in November 2001, Defendant Merchant removed much of Mr. Gehlaut's reporting duties and required him to perform other functions in the office such as cleaning and maintaining the library.

28.    In late January or early February 2002, Defendant Merchant demoted Mr. Gehlaut and forced him to accept an advertising salesperson position instead. Mr. Gehlaut's new job duties consisted of selling advertising space in the Newspaper by telephone. At that time, Mr. Gehlaut was still required to perform reporting duties on nights and weekends.

29.    In May 2002, Defendant Merchant fully removed Mr. Gehlaut's reporting duties.

30.    Upon information and belief, two co-employees in the marketing/advertising department received over $10,000 per year in commissions. Although Mr. Gehlaut completed sales qualifying for the commissions, Mr. Gehlaut did not receive any commissions or any other compensation other than his weekly salary payment.

31.    In addition to selling advertisements for News India-Times, Mr. Gehlaut was also required to sell advertisements for Desi Talk, Gujarat Times, and Sher-e-Panjab, other newspapers owned and published by Defendant Raju and his publication group. Mr. Gehlaut was promised extra compensation for his work for these newspapers, but did not receive it.

6

32.    In 2003, Defendant Parekh, on behalf of the Second Company, executed and filed an application to renew Mr. Gehlaut's H-1B visa status (the "H-1B Renewal Application"). The H-1B Renewal Application states:

    a.    Mr. Gehlaut was to be paid an annual salary of $20,800.

    b.    Mr. Gehlaut's was to work 24 hours per week.

    c.    Mr. Gehlaut was to work as a part-time employee.

    d.    Mr. Gehlaut's wage rate was to be $16.11 per hour.

    e.    Mr. Gehlaut was to work as a business reporter for the Company

(despite that Defendants had stripped him of this position and had forced him to sell advertising by telephone instead).

33.    Defendants Merchant and Raju threatened not to renew Mr. Gehlaut's H-1B visa status if he refused to accept the terms of employment listed in H-1B Renewal Application. Faced with losing his legal status in the United States if he failed to consent, Mr. Gehlaut reluctantly accepted Defendants' demand.

34.    Despite the reduced hours specified in the H-1B Renewal Application, Defendants forced Mr. Gehlaut to work an average of fifty (50) hours per week at the threat of losing his job and thus his visa status.

35.    Although the H-1B Renewal Application specifies Mr. Gehlaut's job position as a business news reporter, Defendants Merchant and Raju forced Mr. Gehlaut to continue working as an inside advertising salesperson in the marketing/advertising department rather than as a news reporter.

7

36.     From August 29, 2000 through May 20 2005, despite the wages Defendants promised to pay Mr. Gehlaut, Defendants paid him between $300 and $475 per week for working approximately between 50 and 70 hours per week.

37.     At the beginning of his employment, and throughout 2004 and 2005, Mr. Gehlaut often received his weekly paychecks five (5) to six (6) weeks after they were due to be paid. During those time periods, Mr. Gehlaut was often only paid once every 5-6 weeks.

## Defendants' Discrimination of Mr. Gehlaut

38.     Mr. Gehlaut is a member of the Jat subcaste in India. Jats are one of the many subcastes within the Hindu religion and caste hierarchy. The caste system is a complex hierarchy of inherited and involuntary advantage/disadvantage and is determined by one's ancestry. It is impossible to change one's caste and thereby escape any prejudice to which one would otherwise be subject.

39.     Individuals of lower castes are often viewed as inferior by individuals of higher castes, such as Brahmins, the highest stratum within the caste hierarchy.

40.     One of the ways that members of different castes can be identified is by their last name. Many of those with the last name Gehlaut are members of the Jat caste.

41.     Upon information and belief, no other employee of the Company at the time that Mr. Gehlaut worked there was a member of the Jat caste.

42.     Mr. Gehlaut was adequately qualified for his position at the newspaper, and performed his work throughout competently, diligently and conscientiously.

43.     In September 2001, Defendant Merchant took over the role of Editor-in-Chief and Director of the Newspaper from Defendant Prakash Parekh.

44.     In or about October 2001, Defendant Merchant asked Mr. Gehlaut what caste he belonged to. Mr. Gehlaut informed her that he was a Jat.

45.     In or about January 2003, Defendant Raju asked Mr. Gehlaut what caste he belonged to. Mr. Gehlaut informed him that he was a Jat.

46.     Upon information and belief, both Defendants Merchant and Raju are members of castes or sub-castes that are not Jats.

47.     During his time working for Defendants, Mr. Gehlaut was on H1-B visa status, and dependent on his employment to be able to stay in the United States. Defendants Raju and Merchant missed no opportunity to remind him of this fact, and continually used it in an exploitative and manipulative way to continue his employment on reduced payment terms and increased work hours favorable to them. Knowledge of his precarious position was the dominant factor in Plaintiff's continued presence at work despite the abuse he suffered.

48.     Throughout his employment at the Second Company, Mr. Gehlaut was intentionally, maliciously, and unlawfully discriminated against, and harassed and verbally abused on a daily basis by Defendants Raju and Merchant on the basis of his caste background.

49.     Throughout his employment at the Second Company, Defendant Gehlaut was denied equal and fair compensation and certain benefits of employment, subjected to disparate and lesser work conditions, and denied career opportunities by Defendants Raju and Merchant on the basis of his caste background.

50.     Beginning in August 2001, Defendant Merchant began berating Mr. Gehlaut on a regular basis, stating that because he was a Jat, he was too stupid to be a reporter. In late January or early February 2002, Defendant Merchant informed Mr. Gehlaut that he was being demoted to the position of advertising salesperson because, as a Jat, he did not possess the

intelligence to be a reporter. Defendant Merchant stated Mr. Gehlaut would have to accept the position if he wanted to continue to have his H-1B visa sponsored by the Company.

      51.    Defendants Raju and Merchant believed they were superior to Plaintiff based on his caste. They treated him in a disdainful and discriminatory manner, in much the same disdainful and discriminatory way and for the same disdainful and discriminatory reasons that many Southern whites treated African Americans in the "Jim Crow" South before the passage of the civil rights laws.

      52.    Throughout Mr. Gehlaut's employment at the Second Company, Defendants made disparaging comments to Mr. Gehlaut regarding his caste background, including but not limited to:

      a.    Defendants Merchant and Raju told Mr. Gehlaut that he was stupid because he is a Jat.

      b.    Defendants Merchant and Raju told Mr. Gehlaut that his writing skills were poor and that he could not read or write in English because he is a Jat.

      c.    Defendant Raju told Mr. Gehlaut that Brahmins (considered to be the highest Hindu subcaste) and Baniyas (another sub-caste) are intellectually superior to Jats.

      d.    Defendant Merchant commonly verbally abused Mr. Gehlaut in public.

      e.    Defendant Merchant told Mr. Gehlaut that he was not qualified to be a reporter because he is a Jat.

      f.    Defendant Merchant told Mr. Gehlaut that he was ugly and attempted to strike him.

53.     Defendants Merchant and Raju's intentional, willful, and malicious actions were so severe and pervasive that they brought Plaintiff Gehlaut to tears on two separate occasions in the office and caused him to become depressed. Plaintiff Gehlaut sought the help of two professional therapists to treat his depression.

54.     Defendants Merchant and Raju's intentional, willful, and malicious actions were so severe and pervasive that they forced Mr. Gehlaut to resign from the Company in May 2005 and constituted constructive discharge of Mr. Gehlaut's employment.

## FIRST CAUSE OF ACTION
## FEDERAL MINIMUM WAGE AND OVERTIME VIOLATION

55.     Mr. Gehlaut realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

56.     Defendants employed Mr. Gehlaut within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(d)-(e). At all times of Mr. Gehlaut's employment with the First and Second Companies, Mr. Gehlaut's employment was subject to the overtime requirements of federal wage and hour laws and did not qualify for any exemptions from such requirements.

57.     Defendants intentionally, willfully, and maliciously failed to pay Mr. Gehlaut overtime wages required by the federal wage and hour laws. Such conduct violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., and the U.S. Department of Labor regulations.

58.     As a result of Defendants' foregoing willful and unlawful conduct, Mr. Gehlaut is entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## SECOND CAUSE OF ACTION
### NEW YORK STATE UNPAID WAGES

59.     Mr. Gehlaut realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

60.     Defendants employed Mr. Gehlaut within the meaning of the New York Labor Law. At all times of Mr. Gehlaut's employment with the Company, Mr. Gehlaut's employment was subject to the New York Labor Law and did not qualify for any exemptions from such requirements.

61.     Defendants intentionally, willfully, and maliciously failed to pay Mr. Gehlaut the wages promised to him and indicated in the H-1B Application and the H-1B Renewal Application (the "Visa Applications") or the prevailing wage for a reporter and the additional amounts for his editorial work, commissions for his advertising sales, and additional amounts for advertisement sales for the other newspapers. Such conduct violates New York Labor Law §§ 190, *et seq.*

62.     Defendants intentionally, willfully, and maliciously failed to pay Mr. Gehlaut at least semi-monthly, on regular pay days designated in advance. Such conduct violates New York Labor Law § 191.

63.     As a result of Defendants' foregoing willful and unlawful conduct, Mr. Gehlaut is entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

### THIRD CAUSE OF ACTION
## NEW YORK STATE MINIMUM WAGE, OVERTIME,
### AND SPREAD OF HOURS

64.    Mr. Gehlaut realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

65.    Defendants employed Mr. Gehlaut within the meaning of the New York Labor Law.  At all times of Mr. Gehlaut's employment with the Company, Mr. Gehlaut's employment was subject to the minimum wage and overtime requirements of the New York Labor Law and did not qualify for any exemptions from such requirements.

66.    Defendants intentionally, willfully, and maliciously failed to pay Mr. Gehlaut minimum wages and overtime wages required by state wage and hour laws. Additionally, Defendants intentionally, willfully, and maliciously failed to pay Mr. Gehlaut an extra hour's pay at the basic minimum hourly wage rate for every day that Mr. Gehlaut's spread of hours were in excess of 10 hours.  Such conduct violates the minimum wages and overtime wages required by New York Labor Law §§ 650, *et seq.* and New York State Department of Labor regulations, 12 NYCRR Part 142.

67.    Defendants intentionally, willfully, and maliciously failed to pay Mr. Gehlaut at least semi-monthly, on regular pay days designated in advance.  Such conduct violates New York Labor Law § 191.

68.    As a result of Defendants' foregoing willful and unlawful conduct, Mr. Gehlaut is entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

## FOURTH CAUSE OF ACTION
## BREACH OF EMPLOYMENT CONTRACT

69.     Mr. Gehlaut realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

70.     Mr. Gehlaut has fully performed above and beyond all of his contractual obligations under his employment contract with Defendants.

71.     Defendants materially breached the employment contract by wrongfully failing to pay Mr. Gehlaut the agreed upon hourly and overtime wages and by failing to pay Mr. Gehlaut the prevailing salary for a reporter.

72.     As a direct and proximate result of Defendants News India Media Ltd. and News India (USA), Inc.'s breach of the employment contract, Mr. Gehlaut is entitled to an award of damages to be determined at trial.

## FIFTH CAUSE OF ACTION
## BREACH OF EMPLOYMENT CONTRACT (VISA APPLICATION)

73.     Mr. Gehlaut realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

74.     Mr. Gehlaut is the immediate and intended third party beneficiary of the employment agreement that is a part of his H1-B visa.

75.     Mr. Gehlaut has fully performed above and beyond all of his contractual obligations under the terms of the H1-B visa.

76.     Defendants breached the express and implied terms of the H1-B visa without justification.

14

77.    Specifically, Defendants materially breached the H1-B visa by wrongfully failing to pay Mr. Gehlaut the agreed upon hourly and overtime wages and by failing to pay Mr. Gehlaut the prevailing salary for a reporter.

78.    As a direct and proximate result of Defendants News India Media Ltd. and News India (USA), Inc.'s breach of the H1-B visa, Mr. Gehlaut is entitled to an award of damages to be determined at trial.

## SIXTH CAUSE OF ACTION
## QUANTUM MERUIT

79.    Mr. Gehlaut realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

80.    Mr. Gehlaut agreed to confer the benefit of his labor to Defendants in good faith with the expectation that he would be paid the amount promised to him and designated on the Visa Applications and the additional amounts for his editorial work, commissions for his advertising sales, and additional amounts for advertisement sales for the other newspapers.

81.    Defendants accepted the benefit of his work, and Defendants deliberately failed to pay Mr. Gehlaut the amounts promised.

82.    Defendants News India Media Ltd. and News India (USA), Inc. were unjustly enriched by their failure to fairly compensate Mr. Gehlaut for his work resulting in the deliberate and intentional exploitation of Mr. Gehlaut's labor.

83.    As a result of the foregoing, Mr. Gehlaut is entitled to an award of damages to be determined at trial.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS LAWS § 1981

84.     Mr. Gehlaut realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

85.     Mr. Gehlaut's caste was a motivating and substantial factor in Defendants' conduct towards Mr. Gehlaut.

86.     Defendants Merchant and Raju's conduct materially diminished Mr. Gehlaut's duties and responsibilities and materially changed his position within the Company.

87.     Defendants Merchant and Raju's verbal and physical abuse, harassment, disparate work conditions, demotion, and failure to pay legal and equitable wages and other compensation because of Mr. Gehlaut's caste were sufficiently severe and pervasive to alter the conditions of Mr. Gehlaut's employment and make it intolerable for a reasonable person to endure. This resulted in the constructive discharge of Mr. Gehlaut.

88.     Mr. Gehlaut began actively searching for a job soon after being constructively discharged from Defendants' employ in May 2005, but was unable to find suitable substitute employment until September 2005.

89.     The unlawful employment practices complained of above were intentional and performed with malice and reckless disregard for Mr. Gehlaut's legally protected rights.

90.     As a result of the foregoing unlawful conduct, Defendants Merchant, Raju and News India (USA) Inc. have discriminated against Plaintiff in the compensation, terms, conditions, and privileges of Plaintiff's employment because of Plaintiff's race, ancestry, and ethnicity in violation of 42 U.S.C. § 1981.

91.     As a result of Defendants Merchant, Raju and News India (USA) Inc.'s foregoing willful and unlawful conduct, Mr. Gehlaut is entitled to an award of damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
## EMPLOYMENT DISCRIMINATION (STATE)

92.     Mr. Gehlaut realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

93.     Mr. Gehlaut's caste was a motivating and substantial factor in Defendants' conduct towards Mr. Gehlaut.

94.     Defendants Merchant and Raju's conduct materially diminished Mr. Gehlaut's duties and responsibilities and materially changed his position within the Company.

95.     Defendants Merchant and Raju's verbal and physical abuse, harassment, disparate work conditions, demotion, and failure to pay legal and equitable wages and other compensation because of Mr. Gehlaut's caste were sufficiently severe and pervasive to alter the conditions of Mr. Gehlaut's employment, ultimately resulting in the constructive discharge of Mr. Gehlaut.

96.     As a result of the foregoing, Defendant News India (U.S.A.), Inc. has discriminated against Plaintiff in the compensation, terms, conditions, and privileges of Plaintiff's employment because of Plaintiff's race, national origin, ancestry, color, religion, and alienage in violation of the New York State Human Rights Law, N.Y. Exec. Law §§ 296 & 297.

97.     The unlawful employment practices complained of above were intentional and performed with malice and reckless disregard for Mr. Gehlaut's legally protected rights.

As a result of Defendant News India (U.S.A.), Inc.'s foregoing willful and unlawful conduct, Mr. Gehlaut is entitled to an award of damages to be determined at trial.

## NINTH CAUSE OF ACTION
## EMPLOYMENT DISCRIMINATION (LOCAL)

98.     Mr. Gehlaut realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

99.     Mr. Gehlaut's caste was a motivating and substantial factor in Defendants' conduct towards Mr. Gehlaut.

100.     Defendants' conduct materially diminished Mr. Gehlaut's duties and responsibilities and materially changed his position within the Company.

101.     Defendants' verbal and physical abuse, harassment, disparate work conditions, demotion, and failure to pay legal and equitable wages and other compensation because of Mr. Gehlaut's caste were sufficiently severe and pervasive to alter the conditions of Mr. Gehlaut's employment, ultimately resulting in the constructive discharge of Mr. Gehlaut.

102.     The unlawful employment practices complained of above were intentional and performed with malice and reckless disregard for Mr. Gehlaut's legally protected rights.

103.     As a result of the foregoing, Defendants Merchant, Raju and News India (USA) Inc. have discriminated against plaintiff in the compensation, terms, conditions, and privileges of plaintiff's employment because of plaintiff's race, national origin, ancestry, color, religion, and alienage in violation of the New York City Human Rights Law, N.Y.C. Admin.Code § 8-107.

104.    As a result of Defendants Merchant, Raju and News India (USA) Inc.'s foregoing willful and unlawful conduct, Mr. Gehlaut is entitled to an award of damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

105.    Mr. Gehlaut realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

106.    Throughout his employment at the Second Company, Mr. Gehlaut was intentionally, maliciously, and unlawfully discriminated against, harassed, berated and verbally abused on a daily basis by Defendants Raju and Merchant.

107.    In their positions of power and control over Plaintiff, Defendants Raju and Merchant set out on a willful, malicious, extreme and outrageous course of action to intentionally cause Plaintiff severe emotional distress.

108.    As a direct and proximate result of this extreme and outrageous conduct, Plaintiff suffered from extreme emotional distress that no reasonable person can be expected to endure.

109.    As a result of Defendants Merchant, Raju and News India (USA) Inc.'s foregoing willful and unlawful conduct, Mr. Gehlaut is entitled to an award of damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Gehlaut respectfully requests that the Court:

(a)   Assume jurisdiction of this cause and set the same down for trial;

(b)   Declare the conduct of the Defendants to be in violation of federal, New York state, and New York City laws;

(c)   Award wages contractually promised to Mr. Gehlaut, the prevailing wage for a reporter, minimum wages, overtime premiums, spread of hours pay, back pay, fringe benefits, additional wages for editorial duties, commissions for advertisement duties, and additional wages for advertisement duties for other newspapers, with prejudgment interest;

(d)   Award damages resulting from the discrimination and hardship suffered by Mr. Gehlaut;

(e)   Award liquidated and punitive damages pursuant to federal, New York state, and New York City laws against Defendants for their willful and malicious and reckless conduct;

(f)   Award plaintiff attorney's fees, costs, and expenses;

(g)   Award such other further or alternative relief as the Court may deem just and proper in the circumstances.


Dated:  New York, New York
        July 14, 2006

_James H R Windels_

ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
Kenneth Kimerling (KK5762)
Tushar J. Sheth (TS5672)
99 Hudson Street
New York, New York 10013
212-966-5932

DAVIS POLK & WARDWELL
James H. R. Windels (JW-9726)
450 Lexington Avenue
New York, New York 10017
212-450-4978

***Attorneys for Plaintiff Dharmvir Gehlaut***

***Of Counsel to Plaintiff Dharmvir Gehlaut:***
Ronja Bandyopadhyay
Sonesh Chainani
Justin Goldblatt
c/o Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
212-450-4000

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

05 Civ. 9306 (WHP)

---

DHARMVIR GEHLAUT,

        Plaintiff,

           - against -

NEWS INDIA (U.S.A.), INC., NEWS
INDIA MEDIA LTD., PRAKASH
PAREKH, GOPAL RAJU, AND VEENA
MERCHANT,

        Defendants.

---

## AMENDED COMPLAINT

---

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Attorneys for Plaintiff